OPINION
On October 9, 1997, Patricia A. Preston refiled a lawsuit against Donald E. Houchard, Fred E. Maloof, A. Kay Moloof and F.K. IV. Limited Partnership. Ms. Preston alleged that she was a tenant in an apartment building at 382 East Main Street in Columbus, Ohio, on November 13, 1993, when someone fired a shot through her apartment door and seriously injured her. She alleged that Mr. Houchard, the Maloofs and F.K. IV. Limited Partnership ("F.K.") were liable for her injuries because they were the owners and/or the managers of the apartment building and because they had not taken adequate precautions to protect her.
After service of process, the Maloofs and F.K. filed an answer in which they admitted that they were the owners of 382 East Main Street, but alleged that they had leased the building to Donald E. Houchard. They alleged that they were not in control of the premises as a result of the lease to Mr. Houchard, who in turn had leased the apartment to Ms. Preston. As a result, the Maloofs and F.K. alleged that, if anyone was liable for the injuries, the liability rested with Mr. Houchard and the person who shot Ms. Preston.
Donald E. Houchard also filed an answer to the complaint and acknowledged that the Maloofs and F.K. owned 382 East Main Street, but he denied any personal liability for the injuries to Ms. Preston.
Discovery proceeded on the lawsuit and revealed that Ms. Preston had incurred hospital and medical expenses in excess of $200,000 as a result of the shooting. Central Benefits Mutual Insurance Company had paid most or all of these medical expenses and claimed a right of subrogation for those funds which it had paid.
The case was finally tried in February of 1999 and the jury found in favor of the Maloofs, Mr. Houchard and F.K. Ms. Preston ("appellant") has now pursued a direct appeal, assigning seven errors for our consideration:
FIRST ASSIGNMENT OF ERROR
 COUNSEL FOR DONALD HOUCHARD COMMITTED PREJUDICIAL ERROR WHEN HE ARGUED TO THE JURY THAT THERE WAS NO EVIDENCE OF PRIOR CRIMES AT 382 E. MAIN STREET, AS NONE HAD TAKEN PLACE, WHEN COUNSEL KNEW THAT HIS STATEMENTS WERE FACTUALLY UNTRUE.
 SECOND ASSIGNMENT OF ERROR THE LOWER COURT ERRED WHEN IT DID NOT ALLOW PRESTON TO CALL A REBUTTAL WITNESS TO PLACE IN EVIDENCE RECORDS THAT WOULD REBUT THE TESTIMONY OF HOUCHARD ABOUT PRIOR CRIMES RELATING TO DRUG USAGE AT 382 E. MAIN STREET.
 THIRD ASSIGNMENT OF ERROR THE JUDGMENT OF THE JURY AS TO HOUCHARD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 FOURTH ASSIGNMENT OF ERROR THE VERDICT OF THE JURY FINDING THAT HOUCHARD AND THE MALOOFS DID NOT HAVE A BUSINESS RELATIONSHIP IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 FIFTH ASSIGNMENT OF ERROR THE COURT ERRED IN ITS RESPONSES TO QUESTIONS FROM THE JURY; IN ALLOWING THE COURT REPORTER TO ANSWER A JURY QUESTION AND IN FAILING TO RESPOND TO THE JURY'S REQUEST THAT THE INSTRUCTIONS BE REGIVEN TO THE JURY.
 SIXTH ASSIGNMENT OF ERROR THE COURT ERRED IN REFUSING TO INSTRUCT THE JURY THAT CENTRAL BENEFITS MUTUAL INSURANCE COMPANY WAS A SUBROGEE AND THAT A VERDICT COULD HAVE BEEN RETURNED IN FAVOR OF THE SUBROGEE IN AMOUNT OF THE SUBROGATED MEDICAL EXPENSES.
 SEVENTH ASSIGNMENT OF ERROR IF NO SINGLE ERROR IS SUFFICIENT TO WARRANT A REVERSAL OF THE VERDICT OF THE JURY, THE CUMULATIVE EFFECT OF ALL OF THE ERRORS AND IRREGULARITIES IN THE TRIAL WARRANT A REVERSAL.
In the first assignment of error, appellant argues that one of the opposing counsel made inaccurate statements regarding prior crimes which had apparently occurred at the apartment building where appellant was shot. Counsel for appellee Donald Houchard was within the bounds of proper advocacy in arguing that appellant had not proved the existence of prior crimes at the apartment building. Evidence, by definition, is relevant information which is presented in a court setting and ruled admissible. Appellant did not present much evidence that prior crimes had occurred at 382 East Main Street. Counsel for Mr. Houchard was correct to argue that failure of proof.
Further, great latitude is afforded counsel in the presentation of closing argument. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph two of the syllabus. A determination as to whether or not the permissible bounds of closing argument have been exceeded is within the trial court's discretion, and such determination will not be reversed on appeal absent a showing of an abuse of such discretion. Id. at paragraph three of the syllabus. In the case at bar, the jury was instructed that the statements and arguments of counsel did not constitute evidence. (Tr. 457-458.) It is presumed that the jury followed the instructions given to it by the trial court. Pang at paragraph four of the syllabus. Given this and the state of the evidence as discussed above, the trial court did not abuse its discretion in allowing the statements at issue.
To the extent counsel for appellant is asserting an ethical violation, counsel is arguing in the wrong forum. This appellate court is not the entity to decide if an ethical violation has occurred. We are called upon only to determine if prejudicial error occurred. In making our determination, we rely upon the record available to us and cannot know what additional information could have been presented as evidence at trial, but was not.
The first assignment of error is overruled.
In the second assignment of error, appellant submits that she and her counsel attempted to submit additional evidence regarding other crimes, but they were prevented from doing so by the trial judge.
After counsel for appellant had rested her case-in-chief and counsel for the appellees had also rested, the trial judge adjourned court for three days. When court resumed on the following Monday, counsel for appellant announced its intention to call an additional witness. Counsel specifically asked to present evidence of complaints to the Columbus Division of Police in which claims were made that drugs had been sold at 382 East Main Street on July 2, 1993; September 4, 1993 and September 13, 1993. Counsel for appellant did not make a proffer of the evidence to be presented, other than the general assertion that on three occasions in 1993, the most recent being two months before the shooting of Patricia Preston, complaints involving drug activity at 382 East Main Street were made to the Columbus Division of Police.
With no more information than is contained in the record before us, we cannot say that the trial judge's failure to allow the evidence before the jury was prejudicial error. Further, counsel for Ms. Preston had no witnesses immediately available to testify, only on call to testify if no stipulation about the records were forthcoming. We simply do not know enough about the testimony or records which might have been submitted to the jury to have any assurance that the trial court's ruling could have affected the trial's outcome.
The second assignment of error is also overruled.
In the third assignment of error, appellant asserts that the jury verdict as to appellee Donald Houchard was against the manifest weight of the evidence. In addressing the merits of a manifest weight argument, we are bound by the syllabus in C.E.Morris Co. v. Foley Constructions Co. (1978), 54 Ohio St.2d 279. That syllabus reads:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
Appellant contends that Mr. Houchard was aware that drug activity was occurring on the property yet took no action to stop such activity. Hence, appellant asserts that Mr. Houchard was liable to appellant for her injuries under the common law and R.C.5321.05(A)(9)[1], 5321.04(A)(9)[2], and 1923.02(A)[3].
The evidence before the trial court demonstrated that Mr. Houchard had very little he could do to remedy the allegations regarding drug activity at 382 East Main Street. The occupant of the apartment where the activity was allegedly occurring paid her rent promptly and did not create significant problems with disturbing the peace. Mr. Houchard justifiably felt that he could not prove that drug activity was occurring. No police search had occurred. The persons who were alleged to be involved in the activity could not be expected to appear at court in a forcible entry and detainer action and to testify about illegal activity. Complaints with no proof could not be expected to result in an eviction of a tenant who always paid her rent on time.
Further, Mr. Houchard could not be expected to anticipate that an individual would go to the wrong apartment and shoot through the door when denied access to the apartment. The jury specifically found in an interrogatory that the defendants did not fail to provide reasonable security for appellant. Under the circumstances, the jury verdict was supported by some competent, credible evidence and, accordingly, the judgment was not against the manifest weight of the evidence.
The third assignment of error is overruled.
The fourth assignment of error is also overruled. Without a showing of liability of the individual who was managing the property, the business relationship between the various parties was irrelevant. If no one was primarily liable, no one could be jointly liable.
In her fifth assignment of error, appellant contends the trial court erred in responding to certain questions from the jury outside the presence of counsel, in allowing the court reporter to answer a jury question and in failing to respond to a jury request that the instructions be given again. As a general rule, any communication between the judge and jury that takes place outside the presence of the defendants or parties is error which may warrant reversal. See Bostic v. Connor (1988), 37 Ohio St.3d 144,149. However, reversal is not warranted when such error is harmless and no prejudice occurs. Id. In addition, there is no conclusive presumption of prejudice when such a private communication occurs. State v. Schiebel (1990), 55 Ohio St.3d 71,84.
Although there should have been input from the respective counsel before a jury question was answered, the acts of the court reporter in correctly identifying who submitted a given exhibit was not prejudicial error. A second area of inquiry from the jury involved assistance in understanding Ohio law regarding agency and joint venture. This inquiry was addressed to the trial court apparently in an effort by the jury to answer two jury interrogatories regarding those issues. However, given the lack of primary liability, questions regarding secondary or joint liability cannot affect the trial court's judgment and constitute prejudicial error. As to any other ex parte communication between the trial judge and the jury, appellant has failed to satisfy this court that any such communication possibly influenced the jury's verdict.
Given all the above, appellant's fifth assignment of error is overruled.
Appellant's sixth assignment of error addresses the question of whether the trial court should have informed the jury about the status of Central Benefits Mutual Insurance Company as a subrogee. The better course of action generally would be to explain the status of a subrogee (so the jury does not draw false conclusions). However, given the evidence presented as a whole, the failure of the trial court to so explain could not have affected the trial's outcome. Hence, any error was not prejudicial.
Accordingly, the sixth assignment of error is overruled.
In her seventh assignment of error, appellant contends that while no single error may warrant reversal, the errors as a whole warrant reversal. Although we have found that errors were made at the trial level, their impact, even when added together, did not prejudice the outcome. Hence, appellant's seventh assignment of error is overruled.
All seven assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.
[1] R.C. 5321.05(A)(9), in essence, requires a tenant to conduct himself or herself and others in the household and on the premises with consent so as to not violate prohibitions that relate to controlled substances.
[2] R.C. 5321.04(A)(9), in essence, requires a landlord to promptly commence a forcible entry and detainer action under Chapter 1923 of the Revised Code to remove a tenant if the landlord has actual knowledge of or has reasonable cause to believe that the tenant or any person on the premises with consent has previously or is presently engaged in a violation of prohibitions relating to controlled substances.
[3] R.C. 1923.02(A) addresses the persons against whom and the circumstances under which forcible entry and detainer actions may be brought.